## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

### In July Term, A. D. 1839, being the sixty-fourth year of our Independence.

NOTE.—At this term, DICKINSON, J. was not on the Bench.

---

### WOOLFORD et al. against HOWELL.

#### ERROR to Pulaski Circuit Court.

Where an action was commenced against two defendants, before a justice, who rendered judgment by default against the defendants without any appearance, and it appears from his docket merely that "the defendant" appealed ; if judgment is again rendered by default in the Circuit Court against *both* defendants, it is error.

In such case, the entry in the record of the Circuit Court, of the appearance of "*the parties,*" must be considered as applying only to those who were under legal obligation to appear, by service of process, or otherwise.

The rule in Gilbreath *v.* Kuykendall renewed.

This action was commenced before a Justice of the Peace, on a writing obligatory for the sum of $45 50, payable to *William C.* and *Thomas J. Howell,* and subscribed in the name of *Israel Woolford* and *Co.*

By the original summons, the constable was commanded to summon Israel Woolford and John Latham, partners in trade, under the firm of Israel Woolford and Co., to appear before the Justice of the Peace, to answer unto Thomas J. Howell, survivor of the late firm of William C. Howell and Thomas J. Howell, in an action on a bond. The summons appeared to have been duly served on Woolford, but did not appear to have been served on Latham at any time, or in any manner whatever. On the 19th day of November, 1838, two days

after the day to which the summons was returnable, the Justice gave judgment, by default, in favor of Howell, against Woolford and Latham, for $45 50 debt, and $1 15 damages, together with the costs of suit, from which judgment an appeal to the Circuit Court was prayed, and an entry made by the Justice of the Peace on his docket, as follows :

*" December* 11*th,* 1838.

" This day came the defendant, and prayed an appeal unto the next Circuit Court of Pulaski county, and offered Joseph W. McKnight special bail for his said appeal. Whereupon, the said McKnight came personally before me, and acknowledged himself jointly bound with the above named defendant to pay the costs and condemnation of the said Circuit Court. By virtue of this appeal, the case was taken up to the Circuit Court, and an entry made of record therein as follows: Thomas J. Howell, survivor of the late firm of W. C. and Thomas J. Howell, appellee, *vs.* Israel Woolford and John Latham, partners, &c., appellants. On this day came the said parties, by attorneys, and the appellants saying nothing to bar or preclude the affirmation of the Justice's judgment in this case, and the Court having inspected the transcript of the Justice's judgment, affirmed the same. After which, judgment was formally given and entered by the Court, for the full amount of the debt, and damages for the detention thereof, and all of the costs of suit, in favor of said Howell, against the said Woolford and Latham, and McKnight, as their security in the appeal, to reverse which they prosecuted their writ of error.

TRAPNALL & COCKE, for pl. in error.

The principle is too well settled to require any illustration from authority, that a judgment cannot be rendered against a party until he has been served with the necessary process to bring him into court.

The principle is no less clear, that one partner cannot bind another by note under seal. 2d *Marsh.* 376, *Trimble* vs. *Coons;* 3d *Monroe* 436.

When three parties are sued, and process executed upon two, the term " *defts. appeared,*" and " *the parties appeared,*" shall apply only to those who have been served with process. *Violet* v. *Waters,* 1 J. J. *Marsh.* 303.

Woolford *et al. against* Howell.

RINGO, *Chief Justice*, delivered the opinion of the Court:

Several errors have been assigned, which are considered by the Court as unimportant, and not necessary to be noticed, as the case must be decided upon the assignment which questions the correctness of the judgment, on the ground that it appears by the record, that Latham was not served with process to appear, and never did enter his appearance to the action.

That the summons was not served on Latham, is manifest from the return of the Constable thereon endorsed, consequently he was under no legal obligation to appear; and, according to the principle stated and acted upon by this Court, in the case of *Smith* vs. *Stinnett,* which is believed to be right in itself, and fully sustained by the authorities there cited, the entries, as made of record in this case, must be regarded as only applying to, and embracing such of the parties, as by the service of process on them were legally bound to appear, but cannot be considered as constituting or establishing an appearance on the part of those not served with process to appear, and who were under no legal obligation to enter their appearance to the action. Therefore, if this principle and rule of construction be correct, Latham does not appear by the record to have been a party to the case legally before the Court, and against whom a valid judgment could have been given. Notwithstanding which, judgment was given against him and Woolford jointly, which is, in the opinion of this court, wholly unauthorized by law, and therefore ought to be, and is hereby, reversed, with costs, and the cause remanded to the Circuit Court of Pulaski county, from whence it came, for further proceedings to be there had according to law, and not inconsistent with this opinion. But, inasmuch as Latham has, according to the rule uniformly acted upon by this Court, made himself a party defendant to the action, by joining in the writ of error in this case, sued out and prosecuted in this Court, the case, upon its return to the Circuit Court, must be regarded and proceeded in, as though he had been duly and legally served with the original summons issued against him by the Justice of the Peace.